Barbara Hope O'Neill  #102968
Attorney at Law
Post Office Box 11825
Fresno, California 93775
Telephone:  (559) 459-0655
Fax:  (559) 459-0656

Attorney for Darnell Pearson

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>DARNELL PEARSON,<br><br>Defendant. | CASE No:  1:19-cr-00013 LJO<br><br>**STIPULATION REGARDING USE OF VIDEOCONFERENCING DURING SENTENCING HEARING; FINDINGS AND ORDER**<br><br>Date:   July 23, 2020; Time 9:30 am<br>Judge: Hon. Dale A. Drozd |

It is the intention of the parties, through their respective counsel that the sentencing hearing currently set for July 23, 2020 at 9:30 a.m. proceed as scheduled through the use or videoconferencing.

Mr. Pearson was convicted by a jury on January 24, 2020.  The sentencing was originally set for May 8, 2020.

In light of the Eastern District of California General Orders 611, 612, and 617, the Court continued the matter until June 19, 2020 (later advanced by the Court to June 18, 2020).

The sentencing was further continued by stipulation of the parties to July 23, 2020.

The parties have agreed on the manner in which the sentencing hearing will be conducted:

1. Mr. Pearson is willing to waive his physical presence and is able to appear for the sentencing hearing by video from the Fresno County Jail, in accordance with this Court's General Order 614 (implementing the Coronavirus Aid, Relief, and Economic Security (CARES) Act. H.R. 748, authorizing video and

teleconferencing for felony changes of plea and sentencing).

2. Both government counsel and defense counsel would also appear by video.

The parties believe that the above accommodation is appropriate in this case. Mr. Pearson wants to proceed to sentencing, as scheduled, through the use of video-conferencing.

Accordingly, the parties jointly request that the July 23, 2020 sentencing hearing not be further delayed, but rather proceed using the video-conferencing procedures that have been established.

The parties hereby mutually stipulate and agree that each of the requirements of the CARES Act and general Order 614 have been satisfied in this case. They request that the Court enter an order making the specific findings required by the CARES Act and General Order 614. specifically, for the reasons set below, the parties agree that:

1) The sentencing hearing in this case cannot be further delayed without serious harm to the interests of justice, given the public health restrictions on physical contact and court closures existing in the Eastern District of California. Mr. Pearson waives his physical presence at the hearing and consents to a remote hearing by videoconference and counsel joins that waiver.

## STIPULATION

Plaintiff, United States of America, by and through its counsel of record, and Defendant, by and through Defendant's counsel of record, hereby stipulate as follows:

1. The Governor of the State of California declared a Proclamation of a State of Emergency to exist in California on March 4, 2020.
2. On March 13, 2020 the President of the United States issued a proclamation declaring a National Emergency in response to the COVID-19 pandemic.
3. In their continuing guidance, the Centers for Disease Control and Prevention (CDC) and other public health authorities have suggested the public avoid social gatherings in groups of more than 10 people and practice physical distancing (within about six feet) between individuals to potentially slow the spread of the virus. The virus is thought to spread mainly from person-to-person contact, and no vaccine currently exists.
4. The social distancing guidelines—which are essential to combatting the virus—are generally not compatible with holding in-person hearings.
5. On March 17, 2020, this Court issued General Order 611, noting the President and Governor of California's emergency declarations and CDC guidance, and indication

that the public health authorities within the Eastern District had taken measures to limit the size of gatherings and practice social distancing. The Order suspends all jury trials in the Eastern District of California scheduled to commence before May 1, 2020.

6. On March 18, 2020, General Order 612 was issued. The Order closed each of the courthouses in the Eastern District of California to the public. It further authorized assigned district court judges to continue criminal matters after May 1, 2020 and exclude time under the Speedy Trial Act. General Order 612 incorporated General Order 611'sw findings regarding the health dangers posed by the pandemic.

7. On April 16, 2020, the Judicial Council of the Ninth Circuit declared a judicial emergency in this District pursuant to 18 U.S.C. 3174(d), based on the District's "critically low resources across its heavy caseload". The report accompanying the Judicial Council's declaration analyzed the public safety dangers associated with the COVID-19 pandemic and examined both the District's caseload and its shortage of judicial resources. The report further explained both the District's caseload and its shortage of judicial resources. The report further explained that a backlog of cases exists that "can only start to be alleviated" when the CDC lifts its guidance regarding gatherings of individuals.

8. On April 17, 2020 General Order 617 issued, continuing court closures through June 1, 2020 and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

9. Given these facts it is essential that Judges in this District resolve as many matters as possible via videoconference during the COVID-19 pandemic. By holding these hearings now, this District will be in a better position to work through the backlog of criminal and civil matters once in-person hearings resume.

10. The sentencing hearing in this case, accordingly, cannot be further delayed without serious harm to the interest of justice. If the Court were to delay this hearing until it can be held in person, it would only add to the enormous backlog of criminal and civil matters facing this Court, and every Judge in this District, when normal operations resume.

11. Under CARES Act 15002(b), Mr. Pearson consents to proceed with this hearing by video-teleconference. Counsel joins in this consent.

**IT IS SO STIPULATED:**

Dated: July 15, 2020              /s/ Laurel J. Montoya                    a
                                  Laurel J. Montoya, Asst. U.S. Attorney


Dated: July 15, 2020              /s/Barbara Hope O'Neill
                                  Barbara Hope O'Neill
                                  Attorney for Darnell Pearson


**FINDINGS AND ORDER**

The Court adopts the findings set forth above in the parties' stipulation. Therefore, based on the findings above, and under the Court's authority under 15002(b) of the CARES Act and General Order 614, the sentencing hearing in this case will be conducted by videoconference on July 23, 2020 at 9:30 a.m.

IT IS SO ORDERED.

Dated:   **July 16, 2020**              _____
                                        UNITED STATES DISTRICT JUDGE

4