PHILLIP A. TALBERT
United States Attorney
MICHAEL G. TIERNEY
Assistant U.S. Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for the
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DARNELL PEARSON, <br><br> Defendant. | Case No. 1:19-cr-0013 JLT SKO <br><br> **GOVERNMENT'S MOTION FOR AN ORDER FINDING A PARTIAL WAIVER OF THE ATTORNEY-CLIENT AND WORK PRODUCT PRIVILEGES;** <br><br> [~~PROPOSED~~] **ORDER** |

The United States of America moves for an Order finding a partial waiver of the attorney-client and work product privileges and permitting discovery as to defendant Darnell Pearson's communications with his prior counsel, Barbara Hope O'Neill, and as to his counsel's work product in connection with the representation of Pearson in this case. Pearson has waived such privileges based on his Motion Under 28 U.S.C. § 2255, filed April 21, 2023 ("§ 2255 Motion"), which asserts claims of ineffective assistance by his former counsel. ECF 121 at 4-5. Habeas petitioners who raise such claims waive attorney-client privilege "as to all communications with [the] allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) (en banc). The waiver also applies to any work product protection. *Id.* at 722 n.6. Pearson may avoid waiver only if he abandons the ineffective assistance claims in the § 2255 Motion. *Id.* at 721.

There is good cause for discovery of attorney-client communications and work product privilege concerning the issues raised in Pearson's § 2255 Motion. The § 2255 Motion alleges that

Motion re Privilege Waiver; Order                     1

his former counsel provided ineffective assistance by stipulating that fentanyl caused the deaths of victims L.C. and F.C.  ECF 121 at 18.

Government counsel has conferred with defendant's prior counsel, Ms. O'Neill, concerning the government's need to discuss with Ms. O'Neill the circumstances of the stipulation regarding victim cause of death in order to respond to the § 2255 Motion.  Ms. O'Neill has indicated that she will undertake such discussion once the government obtains an order finding a privilege waiver.  The government is seeking a court order finding a privilege waiver to permit Ms. O'Neill to discuss with the government his attorney-client communications and/or work product relevant to the response to Pearson's § 2255 Motion, and to provide a declaration responding to Pearson's allegations and addressing such privileged communications and work product.

The United States respectfully requests that the Court find that, if Pearson does not timely withdraw his allegations concerning ineffective assistance of counsel, he has waived the attorney-client privilege as to all communications with his former counsel and any privilege as to his counsel's work product, with respect to the allegations in his § 2255 Motion.  The government further requests that the Court order that Pearson's former counsel, Ms. O'Neill, may provide the government with a declaration responding to Pearson's § 2255 motion and with records relevant to the response to Pearson's motion.

Dated:  January 17, 2023

Respectfully submitted,

PHILLIP A. TALBERT
United States Attorney

/s/ Michael G. Tierney
MICHAEL G. TIERNEY
Assistant U.S. Attorney

///

///

///

///

///

# **ORDER**

Good cause appearing, the United States' motion for partial waiver of petitioner Pearson's attorney-client privilege and the work product privilege, and for the compelled discovery of certain attorney-client communications and work product, is GRANTED as follows:

(1) The attorney-client privilege of defendant Darnell Pearson is waived with respect to all communications between Pearson and his former attorney, Barbara Hope O'Neill, concerning matters related to defendant's ineffective assistance of counsel claim in his § 2255 Motion (ECF 121).

(2) The work product privilege is waived with respect to the work product of attorney O'Neill concerning matters related to Pearson's ineffective assistance of counsel claim in his § 2255 Motion.

(3) Attorney O'Neill, and his staff and agents if relevant, may disclose to the government communications with Pearson and work product concerning matters relating to the ineffective assistance of counsel claim Pearson raises in his § 2255 motion.

(4) Ms. O'Neill may provide the government with a declaration addressing attorney-client communications and work product concerning matters related to the ineffective assistance of counsel claim raised in Pearson's § 2255 motion. Ms. O'Neill may communicate and coordinate with government counsel to ensure that all issues are adequately addressed in the declaration.

(5) The government shall not use or disclose the privileged material it obtains pursuant to this Order for any purpose, or in any matter, other than this § 2255 proceeding.

///
///
///
///
///
///
///
///

ALTERNATIVELY, the Court orders that if the finding of waiver changes the defendant's decision on whether to proceed with his § 2255 Motion, he must notify this Court within 14 days of the date of this Order by withdrawing his allegations concerning ineffective assistance of counsel in his motion. Failure to do that confirms the alternative portion of this Order finding waiver.

IT IS SO ORDERED.

Dated:   **October 20, 2023**

UNITED STATES DISTRICT JUDGE