UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DARNELL PEARSON,<br><br>    Defendant. | Case No. 1:19-cr-00013-JLT-SKO-1<br><br>ORDER DENYING DEFENDANT'S MOTIONS TO: (1) CLARIFY AND/OR SUPPLEMENT THE § 2255 MOTION, (2) AMEND THE § 2255 MOTION, and (3) UNSEAL THE EX PARTE DETENTION HEARING RECORD<br><br>(Docs. 137, 139, 138) |

I. **INTRODUCTION**

Following a jury trial in January 2020, Darnell Pearson was convicted of distributing fentanyl that caused the death of two victims and the near death of two others. (Doc. 73). The Court sentenced Pearson to 360 months imprisonment and 36 months on supervised release, entering judgment thereon in July 2020.[1] (Doc. 90). Pearson appealed and on March 16, 2022, the Ninth Circuit Court of Appeals affirmed the conviction.[2] (Doc. 119). Pearson's petition for writ of certiorari was denied by the Supreme Court on October 3, 2022. *Pearson v. United States*, 143 S. Ct. 180.

On April 21, 2023, Pearson filed a pro se 28 U.S.C. § 2255 motion to vacate, set aside or

---

[1] Pearson is incarcerated at FCI Victorville Medium II, with an anticipated release date of September 27, 2044. Federal Bureau of Prisons Inmate Locator (http://www.bop.gov/inmateloc/) last visited October 13, 2025.

[2] This unpublished decision is cited pursuant to Ninth Circuit Rule 36-3.

1

1  correct sentence asserting Fourth and Sixth Amendment violations based on (1) trial counsel's
2  stipulation admitting the causation element of the charged offenses (the "Stipulation"; *see also*
3  Doc. 107 at 241-42), even though one deceased victim had drugs other than fentanyl in her
4  system, (2) trial counsel's failure explain the Stipulation to Pearson, rendering it involuntary
5  and unknowing, and (3) trial counsel's failure adequately to investigate the victims' cause of
6  death.  (Doc. 121).  The § 2255 motion is fully briefed and pending a ruling by the Court.
7  (Docs. 129, 136).

8  Now before the Court are Pearson's subsequent motions to: (1) clarify and/or supplement
9  the § 2255 motion, filed on June 10, 2025 (Doc. 137), (2) amend the § 2255 motion based upon
10 alleged newly discovered evidence, filed on October 2, 2025 (Doc. 139), and (3) unseal
11 evidence admitted at Pearson's January 18, 2019 detention hearing in the case (i.e. the alleged
12 newly discovered evidence), filed on October 2, 2025 (Doc. 138).   The Court has not ordered
13 the government to respond to these motions.

## II. LEGAL STANDARD

15 "On motion and reasonable notice, the court may, on just terms, permit a party to serve a
16 supplemental pleading setting out any transaction, occurrence, or event that happened after the
17 date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d). Generally, a habeas petition or
18 § 2255 motion may be amended "as provided in the rules of procedure applicable to civil
19 actions."  28 U.S.C. § 2242; *see also* Rule 12, Rules Governing Section 2255 Proceedings, 28
20 U.S.C. foll. § 2255 ("[t]he Federal Rules of Civil Procedure . . . may be applied to a [§ 2255]
21 proceeding."); *Perez-Serrano v. United States*, 2007 WL 1834880, at *2 (E.D. Cal. June 26,
22 2007) (citing *United States v. Duffus,* 174 F.3d 333, 336 (3d Cir. 1999)) ("The Federal Rules of
23 Civil Procedure apply to motions to amend habeas corpus motions.").

24 A party may amend its pleading once as a matter of course no later than 21 days after
25 serving it; or if the pleading is one to which a responsive pleading is required, 21 days after
26 service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e),
27 or (f), whichever is earlier.  Fed. R. Civ. P. 15(a)(1).  In all other cases, a party may amend its
28 pleading only with the opposing party's written consent or the court's leave which the court

1 should freely give when justice so requires. Fed. R. Civ. P. 15(a)(2).

2 An amendment of a habeas petition or § 2255 motion generally will not be permitted if the
3 applicable one-year statute of limitations has run. 28 U.S.C. § 2255 (f)(1); *Perez-Serrano*, 2007
4 WL 1834880, at *2 (citing *Duffus*, 174 F.3d at 337). The one-year statute of limitations
5 applicable to § 2255 motions begins to run as of the "date on which the judgment of conviction
6 bec[ame] final," unless a later start date is triggered by another provision of § 2255(f).

7 If the statute of limitations has run, amendments that "relate[ ] back to the date of the
8 original pleading," arising "out of the conduct, transaction, or occurrence set out - or attempted
9 to be set out - in the original pleading," may be permitted." Fed. R. Civ. P. 15(c)(1)(B); *see
10 also Ioane v. United States*, 2015 WL 1249791, at *1 (E.D. Cal. Mar. 18, 2015) (citing *Mayle v.
11 Felix,* 545 U.S. 644, 664 (2005)) ("[p]roposed amendments may be considered timely under
12 Federal Rule of Civil Procedure 15(c) after the one-year statute of limitations has run if the
13 amendments relate back to the original claims [ ] so long as the original and amended petitions
14 state claims that are tied to a common core of operative facts . . .").

## III. DISCUSSION

**1.     The Motion to Clarify and/or Supplement**

17 The motion asserts the Stipulation was unreasonable because there is no evidence that
18 Pearson distributed fentanyl laced with cocaine as alleged in the indictment and asserted by the
19 government at trial, and the autopsy report shows victim Carter died from the combined effect
20 of fentanyl and cocaine toxicity rather than as a result of fentanyl. (Doc. 137*; see also* Doc. 21
21 at 1-2).

**a.     The Motion does not Support a Supplemental Pleading**

23 The motion is procedurally deficient because it relies upon the same facts, circumstances,
24 and events alleged in the § 2255 motion. Fed. R. Civ. P. 15(d) (a supplemental pleading sets
25 out any transaction, occurrence, or event that happened after the date of the pleading to be
26 supplemented); (*cf.* Doc. 121 with Doc. 137). Therefore, the motion must be denied.

27 Even if construed as a motion to amend, the motion to clarify and/or supplement is
28 procedurally deficient because it is not supported by a proposed amended pleading. (*See*

section III 2, post, citing E.D. Cal. Local Rule ["LR"] 137(c) ("If filing a document requires leave of court, such as an amended complaint after the time to amend as a matter of course has expired, counsel shall attach the document proposed to be filed as an exhibit to moving papers seeking such leave. . . ."), LR 220 ("Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading."); *see also Woods v. Carey,* 525 F.3d 886, 889 (9th Cir.2008) ("[W]here a new *pro se* petition is filed before the adjudication of a prior petition is complete, the new petition should be construed as a motion to amend the pending petition rather than as a successive application.").

**2.   The Motion to Amend**

The motion to amend asserts new Fourth and Fourteenth Amendment grounds of actual innocence and government misconduct, raised by alleged newly discovered evidence of law enforcement's illegal recording of conversations Pearson had with his alleged drug source, Terrence Morehead, as reflected in sealed records of his January 18, 2019 in camera, ex parte detention hearing in the case. (Doc. 139). However, the motion is untimely and outside the Court's jurisdiction, procedurally deficient, and procedurally barred.

   **a.   The Motion is Untimely**

As noted above, a motion pursuant to § 2255 may not be amended under the provisions of Rule 15(a) where the statute of limitations has run. *Duffus,* 174 F.3d at 337. Amendments to § 2255 under the Antiterrorism and Effective Death Penalty Act provide a one-year statute of limitations that begins to run at the latest of: (1) the date the judgment of conviction becomes final, (2) the date on which a government-created impediment to bringing a § 2255 action is removed, (3) the date on which a right to bring the action was initially recognized by the Supreme Court, if the right has been newly recognized and made retroactively applicable to cases on collateral review, or (4) the date on which the facts supporting a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(1)-(4).

Pearson's conviction became final on October 3, 2022, when the Supreme Court denied

his petition for writ of certiorari. *Pearson*, 143 S. Ct. 180; *see United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010) (citing *Clay v. United States*, 537 U.S. 522, 527 (2003)) (finality occurs when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). Pearson has not shown the one-year period should run from a different date under § 2255(2)-(4). Pearson has not proffered any § 2255(4) diligent discovery date that is after October 3, 2022 and relates to facts supporting the new grounds asserted in the motion to amend. (*See* section III 2 b, post). For example, Pearson, through his appellate counsel, was granted access to the sealed detention record by order dated September 25, 2020, in connection with counsel's preparation of the direct appeal. (Doc. 111 at 2); *see United States v. Zuno-Arce,* 25 F. Supp. 2d 1087, 1110 (C.D. Cal. 1998), *aff'd,* 209 F.3d 1095 (9th Cir. 2000), *and aff'd in part, appeal denied in part*, 339 F.3d 886 (9th Cir. 2003) (for purposes of § 2255(4) the one-year limitations period runs from the date counsel could have diligently discovered or actually discovered facts supporting the claim); *Murray v. Carrier*, 477 U.S. 478, 488 (1986), *superseded on other grounds by Banister v. Davis*, 590 U.S. 504, 514 (2020) (no relief from procedural default where counsel reasonably knew of a legal or factual issue). Nor does Pearson contend that equitable tolling can and should apply. *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (To be entitled to equitable tolling, a petitioner "must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."). Therefore, the one-year deadline expired on October 3, 2023. Pearson's motion to amend, filed October 2, 2025, is well beyond the deadline.

Pearson's motion to amend does not relate back to the § 2255 motion. As discussed above, amendments that "relate[ ] back to the date of the original pleading," arising "out of the conduct, transaction, or occurrence set out - or attempted to be set out - in the original pleading," may be permitted. Fed. R. Civ. P. 15(c)(1). But an amendment "does not relate back (and thereby escape [the statutory] one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Felix*, 545 U.S. at 650. The new grounds for relief asserted in the motion to amend,

1  actual innocence and government misconduct, are based on the alleged newly discovered
2  evidentiary facts which differ in time and type from facts raised in the § 2255 motion relating to
3  the Stipulation and ineffective assistance of trial counsel.[3] (*Cf.* Doc. 139 with Doc. 121).

### b. The Motion is Procedurally Deficient and Procedurally Barred

As a threshold matter, the motion does not attach the required proposed amended pleading. *See* LR 137(c); LR 220. Additionally, the newly asserted grounds are procedurally barred to the extent they could have been, but were not, raised on appeal.

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621 (1998) (quoting *Reed v. Farley*, 512 U.S. 339, 354 (1994)). "When a party could have raised an issue in a prior appeal but did not, a court later hearing the same case need not consider the matter." *United States v. Nagra*, 147 F.3d 875, 882 (9th Cir. 1998).

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that his is 'actually innocent.' " *Bousley*, 523 U.S. at 622. "In procedural default cases, the cause standard requires the petitioner to show that 'some objective factor external to the defense impeded counsel's efforts' to raise the claim" on direct review. *McCleskey v. Zant*, 499 U.S 467, 493 (1991) (quoting *Carrier*, 477 U.S. at 488). For example, a petitioner shows cause for procedural default where "the claim rests upon a new legal or factual basis that was unavailable at the time of direct appeal, or where "interference by officials" may have prevented the claim from being brought earlier." *United States v. Braswell*, 501 F.3d 1147, 1150 (9th Cir. 2007). Notably, "[i]neffective assistance of counsel is cause." *McCleskey*, 499 U.S. at 494. The prejudice prong requires that the petitioner show, "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional

---

[3] The motion to clarify and/or supplement, while filed beyond the one-year deadline, appears to expand upon the ineffective assistance of trial counsel ground and core facts raised in the § 2255 motion, and so likely does relate back for limitations purposes. Still, that motion is procedurally deficient, as discussed herein.

dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Pearson does not point to facts that his alleged recent discovery of the sealed detention hearing transcript—the factual basis for his new grounds—supports relief from procedural default.[4] Pearson has not shown that the new grounds for relief rest upon a legal or factual basis that was unavailable at the time of direct appeal. As noted, appellate counsel had the sealed detention hearing transcript during the direct appeal. (Doc. 111 citing Doc. 29). Even still, appellate counsel did not raise Pearson's proposed new grounds for relief. *See United States Of America, Plaintiff/Appellee, v. Darnell Pearson, Defendant/Appellant*, 2020 WL 7693719 [Appellant's Opening Brief]; *United States Of America, Plaintiff/Appellee, v. Darnell Pearson, Defendant/Appellant.*, 2021 WL 4312971 [Appellant's Reply Brief]; (Doc. 119).

Pearson has not alleged appellate counsel was ineffective, much less proffered facts overcoming the presumption that appellate counsel acted strategically in not raising Pearson's new grounds for relief. *See Strickland v. Washington*, 466 U.S. 668, 689 (1984) ("[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."); *Roe v. Flores-Ortega*, 528 U.S. 470, 482 (2000) ("We normally apply a strong presumption of reliability to judicial proceedings and require a defendant to overcome that presumption by showing how specific errors of counsel undermined the reliability of the finding of guilt).

Additionally, the newly added grounds do not form a basis for relief from procedural default. Pearson makes no showing of actual innocence apart from his conclusory allegations. "To establish actual innocence, petitioner must demonstrate that, 'in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him.' " *Bousley*, 523 U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). The alleged newly discovered sealed evidence does not constitute a proffer of actual innocence, either as a purported free-standing claim or a gateway claim to avoid procedural bar, for the reasons stated.

---

[4] Pearson alleges that (1) appellate counsel inadvertently provided him with the sealed record, and/or (2) he received the sealed information through a channel of communication he cannot disclose without being labeled a "snitch[.]" (Doc. 139 at 1-3, 8).

In sum, Pearson does not point to facts that given the record as a whole, no reasonable juror would vote to convict him.

Also, the government misconduct ground raised by alleged illegal recording of Pearson's phone conversations with Morehead is not colorable. Reversal on the basis of prosecutorial misconduct is justified only if it appears more probable than not that prosecutorial misconduct materially affected the fairness of the trial. *United States v. Sayakhom*, 186 F.3d 928, 943 (9th Cir. 1999). The Fourth Amendment protects people from "unreasonable searches and seizures" of "their persons, houses, papers, and effects." U.S. Const. amend. IV. The default rule is that a search or seizure is unreasonable unless conducted pursuant to a warrant. *See Vernonia Sch. Dist. 47J v. Acton*, 515 U.S. 646, 653 (1995); *Riley v. California*, 573 U.S. 373, 386 (2014) (the government generally may not search a cell phone without a valid search warrant).

Pearson does not proffer facts identifying any unwarranted law enforcement recording of conversations he had with Morehead.[5] (*See* Doc. 139). Particularly, Pearson does not allege at any level of specificity the exculpating statements he contends he made to Morehead, recorded by law enforcement, and discovered in the seal detention transcript. Moreover, to the extent Pearson contends such recorded statements were exculpating as to mens rea of the charged elements, his trial testimony covered that same ground - Pearson took the stand and denied providing drugs to the victims, including cocaine and "china white."[6] (Doc. 79 at 15, 23, 33-34; Doc. 108 at 162, 169, 180, 184).

To the extent Pearson might contend these alleged recordings were inculpating, they are not reflected in the trial transcript and could not have affected the outcome. While Pearson's texts with Morehead were presented by the prosecution at trial, Pearson makes no proffer of misconduct by the government in this regard. These texts, extracted by law enforcement from the cell phones of Pearson and Carter (*see* Doc. 79 at 53; Doc. 108 at 122-24 198-202), were admitted by stipulation of the parties (Doc. 51 at 5; Doc. 62 at 2; *see also* Doc. 107 at 242-43). Pearson proffers no facts that the texts are part of the sealed detention record, nor that they were

---

[5] Pearson alleges the recordings took place in his home. (*See* Doc. 139 at 7-8).
[6] Pearson did admit to providing marijuana to Lisa Carter. (Doc. 108 at 182-83).

seized in violation of his constitutional rights. Pearson's affidavit in support of the motion is wholly conclusory and self-serving and not evidence otherwise. (Doc. 139 at 6-7). Moreover, these texts were referred to in Pearson's argument on direct appeal challenging the trial court's admission of certain text messages. *See United States Of America, Plaintiff/Appellee, v. Darnell Pearson, Defendant/Appellant*, 2020 WL 7693719 [Appellant's Opening Brief], at *23. As noted, the Circuit affirmed the conviction. (Doc. 119).

**3.   The Motion to Unseal**

The motion to unseal relates to evidence admitted by the Court following the government's in camera, ex parte proffer during Pearson's January 18, 2019 detention hearing. Petitioner asserts that the sealed record includes his exculpatory statements to Morehead, his alleged drug source. Pearson contends statements intercepted by an illegal wiretap show he lacked knowledge of fentanyl distribution. (Doc. 138 at 2; Doc 139 at 4). As discussed above, Pearson contends this new evidence supports Fourth, Fifth, and Sixth Amendment relief on his newly asserted grounds. However, the motion is unsupported by good cause.

**a.   No good cause to unseal**

Upon a finding of good cause or consistent with applicable law, the court may order documents unsealed. LR 141(e)(2)(iii), citing Fed. R. Civ. P. 5.2, Fed. R. Crim. P. 49.1. Here, the Court sealed the in camera, ex parte record at the detention hearing. (Doc. 20 at 25). In its September 25, 2020 order unsealing the ex parte transcript for receipt by appellate counsel and in connection with his preparation of Pearson's direct appeal, the Court ordered that "these materials shall remain sealed for all other purposes, including from the public; and that these materials shall neither be released to any other person nor filed in the public record absent further Court order." (Doc. 111 at 2).

On appeal from the detention order, the Ninth Circuit found that "[t]he government's expressed concern regarding the need to keep the *ex parte* information from the appellant was reasonable." (Doc. 31 at 2); *see also United States v. Israel Washington*, 2024 WL 4753760, at *2 (E.D. Cal. Nov. 12, 2024), *report and recommendation adopted sub nom. United States v. Washington*, 2025 WL 1359075 (E.D. Cal. May 9, 2025) (citing *Richardson v. United States*,

841 F.2d 993, 996 (9th Cir. 1988)) (under the law of the case doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case).

Pearson has not made any showing that the sealed detention hearing record or information derived from it was admitted as part of the prosecution's case at trial, or that the sealed detention hearing transcript includes exculpatory evidence undisclosed by the government. (*See* section III 2, ante). Rather, Pearson concedes, at least inferentially, that the sealed ex parte detention hearing record was not disclosed during trial. (*See* Doc. 139 at 6).

Pearson's further speculation that the sealed detention record includes evidence supporting his newly asserted grounds, is not good cause to unseal and allow discovery. (*See* section III 2, ante); *see also* LR 141(e)(2)(iii); Rule 6(a) of the Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. § 2255 ("a judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law."); *Jones v. Wood,* 114 F.3d 1002, 1009 (9th Cir.1997) ("[D]iscovery is available . . . at the discretion of the district court judge for good cause shown, regardless of whether there is to be an evidentiary hearing.").

Good cause for discovery is shown when the "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . . ." *Bracy v. Gramley,* 520 U.S. 899, 908–909 (1997). Pearson's request to unseal, to the extent it might be construed as a request for discovery, is unsupported by any sufficient showing to demonstrate that if the facts are fully developed, he may be able to demonstrate entitlement to relief on this new ground for relief. Pearson's mere citation to federal and state law regarding the recording of confidential communications, untethered to a case specific proffer, is not a basis for the Court to find good cause to unseal and allow discovery regarding the detention hearing transcript. (*See* Doc. 139 at 3 citing 18 U.S.C. §§ 2510, 2515; Cal. Penal Code § 632). Pearsons is not entitled to use federal discovery "for a fishing expedition to investigate mere speculation." *Calderon v. United States Dist. Ct. for the N. Dist. of Cal*., 98 F.3d 1102, 1106 (9th Cir. 1996).

# IV. CONCLUSIONS

The motion to clarify and/or supplement the § 2255 motion is likely timely, but procedurally deficient. The motion to amend the § 2255 motion is untimely, procedurally deficient, and procedurally barred. The motion to unseal the in camera, ex parte detention hearing record is unsupported by good cause. Therefore, the Court **ORDERS**:

1. The motion to clarify and/or supplement the § 2255 motion (Doc. 137) is **DENIED**.

2. The motion to amend the § 2255 motion (Doc. 139) is **DENIED**.

3. The motion to unseal evidence and transcripts (Doc. 138) is **DENIED**.

4. The Court will take no action on the pending § 2255 motion for 30 days to provide Pearson with an opportunity to refile a motion to supplement or amend the § 2255 motion, consistent with this order and which includes a proposed amended pleading.

IT IS SO ORDERED.

Dated:   **October 13, 2025**

UNITED STATES DISTRICT JUDGE