UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>     v.<br><br>DARNELL PEARSON,<br><br>                 Defendant. | Case No.  1:19-cr-00013-JLT-SKO-1<br><br>ORDER DENYING DEFENDANT'S MOTION FOR DISCOVERY, TO SUPPLEMENT THE RECORD, AND TO AMEND THE § 2255 MOTION<br><br>(Doc. 142) |

Before the Court is Darnell Pearson's pro se motion filed October 20, 2025, for discovery and to supplement the record and to amend his underlying 28 U.S.C. § 2255 motion, regarding "the sealed recording of [Pearson] and Terrance Morehead" introduced at Pearson's detention hearing.[1]  (Doc. 142).

Pearson alleges that he recently learned of the sealed recording of an illegal government wiretap that should have "forced the dismissal of this case."  (*Id*.at 2).  Pearson argues "the government and the police had a financial incentive to seal the evidence the petit jury could have easily found the government witnesses were instructed to lie about the 11th hour statements of 'China White' instead of some 'new stuff,' as to deliberately distributing fentanyl or any illegal substance."  (Doc. 142 at 2).  Pearson argues the alleged new evidence supports

---

[1] Pearson's § 2255 motion filed on April 21, 2023 (Doc. 121) is fully briefed (Docs. 129, 136) and pending a ruling by the Court.

1

1 supplementing the record and amending the § 2255 motion to add a claim that "the government
2 violated his due process rights with its lack of candor during the open court pretrial detention
3 hearing." (*Id*. at 3-4). Pearson argues "there is no question that intercepting [his] private face
4 to face conversations in his home was relevant to whether [he] received a fair trial." (*Id*. at 5).
5 Pearson argues the government misconduct prevented him from arguing for the suppression of
6 his cross-examination regarding Terrance Morehead, and contesting "the search warrant[.]"
7 (*Id*.).

8 Pearson's motion is **DENIED**. The motion is moot because it reasserts matters raised in
9 Pearson's prior motions (Docs. 137, 139, 138) to clarify, supplement, and/or amend the § 2255
10 motion, and to unseal the ex parte detention hearing transcript, which were denied by the Court
11 on October 14, 2025. (Doc. 141). The Court found the prior motions proposed newly added
12 claims that were not colorable and requested evidentiary development that was not supported
13 by good cause. (*Id*.).

14 The Court finds the instant motion fails for the same reasons stated in its October 14th
15 order. (*Id*.); *see also United States v. Berry,* 624 F.3d 1031, 1038 (9th Cir. 2010) ("[S]hort of
16 proof of actual innocence [footnote omitted] claims solely based on new evidence are generally
17 not cognizable on habeas."); *id.* citing *Herrera v. Collins,* 506 U.S. 390, 400 (1993) (quoting
18 *Townsend v. Sain,* 372 U.S. 293, 317 (1963), *overruled on other grounds by Keeney v. Tamayo-*
19 *Reyes*, 504 U.S. 1 (1992), *superseded by statute as stated in Shinn v. Ramirez*, 596 U.S. 366
20 (2022)) ("[N]ewly discovered evidence . . . alleged in a habeas application . . . must bear upon
21 the constitutionality of the applicant's detention; the existence merely of newly discovered
22 evidence relevant to the guilt of a [ ] prisoner is not a ground for relief on federal habeas
23 corpus."). Pearson's motion, like the noted prior motions, lacks sufficient specificity to permit
24 the Court to determine whether he may, if the facts are fully developed, be able to demonstrate
25 entitlement to relief.

26 Additionally, the instant motion construed as a motion for reconsideration of the Court's
27 October 14th order fails because Pearson makes no supporting proffer. *See* Fed. R. Civ. P.
28

60(b);[2] E.D. Cal. Local Rule 230(j);[3] *see also United States v. Martin*, 226 F.3d, 1042, 1047 n.7 (9th Cir. 2000) (motions for reconsideration of a § 2255 motion may be brought under Rule 60(b) of the Federal Rules of Civil Procedure); *Mitchell v. United States*, 958 F.3d 775, 784 (9th Cir. 2020) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005)) ("Rule 60(b) does not apply to the extent it is inconsistent with the habeas rules' limitations on second or successive applications.").

Therefore, the Court ORDERS that the motion for discovery and to supplement the record and to amend the § 2255 motion (Doc. 142) is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated:   **October 31, 2025**



UNITED STATES DISTRICT JUDGE

---

[2] Federal Rule of Civil Procedure 60(b) provides that: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."

[3] Local Rule 230(j) provides that an application for reconsideration shall include "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion;" and "why the facts or circumstances were not shown at the time of the prior motion."