UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DARNELL PEARSON,<br><br>    Defendant. | Case No.  1:19-cr-00013-JLT-SKO-1<br><br>ORDER GRANTING MOTION TO AMEND AND DENYING MOTION TO SUPPLEMENT § 2255 MOTION<br><br>(Docs. 145, 144 & 146) |

## I. INTRODUCTION

Darnell Pearson is a federal prisoner who was convicted of two counts of 21 U.S.C. § 841(a)(1)(C) distributing fentanyl resulting in the death of two victims and the near death of two others. He is proceeding pro se with a motion under 28 U.S.C. § 2255, in which he claims that his trial counsel was ineffective in relation to a stipulation that the victims' death resulted from the use of fentanyl. (Doc. 121).

Now before the Court are Pearson's motions for (1) leave to file an amended § 2255 motion pursuant to Rule 15(a)(2) to add allegations that trial counsel's ineffective assistance related to the stipulation denied him an actual innocence defense under *Burrage v. United States,* 571 U.S. 204 (2014) (Doc. 145, Ex. A thereto), and (2) leave to file a supplemental § 2255 motion pursuant to Rule 15(d) adding allegations that appellate counsel was ineffective by failing to raise the government's illegal recording of conversations he had in his home relating to the charged conduct, violating his

1

rights under 18 U.S.C. §§ 2510–2522 and the Fourth, Fifth, and Sixth Amendments. (Doc. 144 and Ex. 1 thereto; Doc. 146). The government has not been ordered to respond to these motions.

The Court, finding the motions amenable to resolution without a hearing, will grant the motion to amend and deny the motion to supplement, as discussed below.

## II. BACKGROUND

In January 2020, following a jury trial, Pearson was convicted on both counts. The Court sentenced Pearson to 360 months imprisonment and 36 months on supervised release, entering judgment thereon in July 2020.[1] Pearson appealed and on March 16, 2022, the Ninth Circuit Court of Appeals affirmed the conviction.  Pearson's petition for writ of certiorari was denied by the Supreme Court on October 3, 2022.

On April 21, 2023, Pearson filed a pro se 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence asserting Fourth and Sixth Amendment violations based on trial counsel's ineffective assistance by (1) stipulating to the causation element of the charged offenses, even though one deceased victim had drugs other than fentanyl in her system, (2) failing to explain the stipulation to Pearson, rendering it involuntary and unknowing, and (3) failing adequately to investigate the victims' cause of death. (Doc. 121; *see also* Doc. 62 at 1-2 [Stipulated Matters]).[2]

On October 14, 2025, the Court denied Pearson's motions to clarify supplement, and/or amend the § 2255 motion and to unseal the detention hearing transcripts allegedly containing the illegal recording, while affording Pearson an opportunity to refile. (Doc. 141).

## III. DISCUSSION

### A.    FED. R. CIV. P. 15(a) Motion

Pearson requests leave to file the amended § 2255 motion pursuant to Rule 15(a). As noted, the amended motion adds allegations that trial counsel's ineffective assistance in stipulating fentanyl caused the victims' death and injuries denied him an actual innocence defense under *Burrage*. (Doc.

---

[1] Pearson is incarcerated at FCI Victorville Medium II, with an anticipated release date of September 27, 2044. Federal Bureau of Prisons Inmate Locator (http://www.bop.gov/inmateloc/) last visited January 8, 2026.

[2] The § 2255 motion is fully briefed and pending a ruling by the Court. (Docs. 129, 136).

2

145, Ex. A thereto).

A § 2255 petition or motion may be amended "as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242; *see also* Rule 12, Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. § 2255 ("[t]he Federal Rules of Civil Procedure . . . may be applied to a [§ 2255] proceeding"). Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." "[W]here a new *pro se* petition is filed before the adjudication of a prior petition is complete, the new petition should be construed as a motion to amend the pending petition rather than as a successive application." *Woods v. Carey,* 525 F.3d 886, 888 (9th Cir.2008). Factors to be considered when ruling on a motion to amend a habeas corpus petition include bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether or not the party has previously amended his pleadings. *Bonin v. Calderon,* 59 F.3d 815, 845 (9th Cir. 1995).

The Court finds that granting Pearson's request to file the proffered amended § 2255 motion is in furtherance of the interests of justice. Pearson newly alleges the causation stipulation was deficient performance by trial counsel because the undisputed autopsy report does not establish fentanyl was an "independent" or "but for" cause of death as required by *Burrage* (Doc. 145 at 3); and that trial counsel was deficient by failing to present an actual innocence defense in light of *Burrage.* (*See* Doc. 145 at 3-7; *Burrage*, 571 U.S. at 218-19 ("[A]t least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury.").

These new allegations are not clearly futile and find support in reasonable inference raised by the factual matter before the Court construed most favorably to Pearson. It does not appear the government will be prejudiced by the Court's grant of relief. Particularly so, given the newly added allegations do not include new facts, but rest upon legal argument. Furthermore, the newly added allegations are timely raised because they relate back to and arise out of the core conduct alleged in the originally filed claim. Fed. R. Civ. P. 15(c)(1)(B); *see also Ioane v. United States*, 2015 WL 1249791, at *1 (E.D. Cal. Mar. 18, 2015) (citing *Mayle v. Felix,* 545 U.S. 644, 664 (2005)) ("So long

as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order."). Nothing before the Court suggests Pearson's bad faith or intent to delay. Therefore, the Court **GRANTS** the motion to file the amended § 2255 motion.

**B.   FED. R. CIV. P. 15(d) Motion**

Pearson requests leave to file the supplemental § 2255 motion pursuant to Rule 15(d). As noted, the supplemental motion adds allegations that appellate counsel was ineffective by failing to raise the government's illegal recording of conversations Pearson had in his home including with his purported drug source Terrance Morehead.[3] (Doc. 144 at Ex. 1; Doc. 146); *see also Miller v. Keeney*, 882 F.2d 1428, 1433 (9th Cir. 1989) ("We review claims of ineffective assistance of appellate counsel according to the standard set out in *Strickland v. Washington,* 466 U.S. 668 (1984)). Pearson further alleges the government's recording of his conversations was an illegal wiretap pursuant to 18 U.S.C. §§ 2510–2522; violated the Fourth, Fifth, and Sixth Amendments; and denied him an actual innocence defense. (Doc. 144 at Ex. 1; Doc. 146). "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).

According to Pearson, the government surreptitiously activated the microphone of his cell phone to record face-to-face in-home conversations he had with third parties including Morehead. (*See* Doc. 144 and Ex. 1 thereto; Doc. 146). Pearson contends, as he did in his recently denied motion to supplement that the illegal recording was presented by the government in sealed detention hearing proceedings and relied upon by the government during his cross-examination before the jury; that his appellate counsel discovered the illegal recording in 2020; and that he (Pearson) discovered the sealed illegal recording in September of 2025 when appellate counsel inadvertently disclosed it. (*Id.*). Pearson also suggests the government relied on the illegal recording as false probable cause supporting the warrant to search his apartment. (*Id.*).

The Court denied Pearson's previous request to add allegations of illegal government recording of his conversations in part because the allegations were not as to a recently discovered event that was unavailable on direct appeal and occurred after filing of the original § 2255 motion to be

---

[3] Sometimes referred to as "Moorehead" in the record.

supplemented. (*See* Docs. 141, 143). These same deficiencies persist in the supplemental § 2255 motion now before the Court. The allegedly deficient acts/omissions of appellate counsel occurred prior to filing of the original § 2255 motion and are barred by the one-year statute of limitations. (*See id.* citing 28 U.S.C. § 2255(f)(1-4). The alleged illegal recording is not recently discovered for purposes of Rule 15(d) because Pearson is chargeable with appellate counsel's 2020 discovery of the sealed record allegedly containing that recording. (*Id.*; *cf.* Doc. 144 at Ex. 1; Doc. 146). Appellate counsel could have but did not raise the alleged illegal recording on direct appeal. Pearson is barred from raising the alleged illegal recording absent relief from default. (*See* Doc. 141 at 6 citing *Bousley v. United States*, 523 U.S. 614, 621 (1998) (quoting *Reed v. Farley*, 512 U.S. 339, 354 (1994)) ("Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal."); *United States v. Nagra*, 147 F.3d 875, 882 (9th Cir. 1998) ("When a party could have raised an issue in a prior appeal but did not, a court later hearing the same case need not consider the matter."). Pearson has not shown cause and prejudice or actual innocence as a basis for relief from procedural default, for the reasons discussed below.

Even still, the Court previously advised Pearson the alleged government recording and use of it at trial was unsupported in the factual record. (*See* Doc. 141 at 8-9). The supplemental motion does not cure the factual deficiency. Even if Pearson were able to rely upon the sealed docket as support for the alleged illegal recording, he does not identify supporting facts or inference therein - leaving the alleged illegal recording implausible and relief thereon futile.[4] *See Nordyke v. King*, 644 F.3d 776, 788 n.12 (9th Cir. 2011), *rev'd per curiam on other grounds*, 681 F.3d 1041 (2012) ("[The] proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)."). The Court has reviewed the docketed sealed detention hearing transcripts in the case and found **no support that the alleged recording exists**.[5]

Pearson's argument that his cross-examination implied the existence of the alleged recording is unavailing. (*See* Doc. 141 at 8-9; *cf.* Doc. 144 at 2, 13). As the Court previously observed, the Ninth

---

[4] The Court previously denied Pearson's motion to unseal the record. (*See* Doc. 141 at 11).

[5] Indeed, Pearson has provided no evidence that, in fact, the government has the technology to do what he suggests occurred in the investigation of his case.

Circuit reviewed Pearson's argument on direct appeal challenging the trial court's admission of certain text messages used by the government during cross-examination and affirmed the conviction. (*See* Doc. 141 at 9 citing Doc. 119, and *United States Of America, Plaintiff/Appellee, v. Darnell Pearson, Defendant/Appellant*, 2020 WL 7693719 [Appellant's Opening Brief], at *23]. To the extent Pearson again suggests the alleged recording was exculpating by showing he lacked knowledge of distributing fentanyl, the Court previously observed that his trial testimony covered the same ground. (*See* Doc. 141 at 8; *cf.* Doc. 144 at 13). As the Court previously observed, "[s]hort of proof of actual innocence [footnote omitted] claims solely based on new evidence are generally not cognizable on habeas." (Doc. 143 at 2, citing *United States v. Berry,* 624 F.3d 1031, 1038 (9th Cir. 2010)).

Pearson's newfound argument that the alleged recording was used as false probable cause for a search warrant is untethered to the factual record as discussed above and not a plausible basis for relief. (*See* Doc. 146 at 2). Pearson's newly added request to supplement the record with the alleged recording belies his contention the alleged recording is in the case record and ignores the Court's previous denial of his motion to unseal. (*See* Doc. 141; *cf.* Doc. 144 at 8). Finally, even were the Court to construe the motion to supplement as a motion to amend, it still fails, for the reasons stated. *See e.g.*, *Bonin,* 59 F.3d at 845 ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend."). Therefore, the Court **DENIES** the motion to file the supplemental § 2255 motion.

**IV. CONCLUSION**

The proposed amended § 2255 motion relates back to the original § 2255 motion and the amended allegations are plausible. The proposed supplemental § 2255 motion is procedurally barred, and the supplemental allegations are unsupported in the factual record. Therefore, the Court **ORDERS**:

1.   The motion for leave to file an amended § 2255 motion (Doc. 145) is **GRANTED**.

2.   The Clerk of Court is directed to file the proposed amended § 2255 motion (i.e. Doc. 145 at 3-8 [Ex. A]) as the Amended Motion to Vacate, Set Aside or Correct Sentence

6

Under 28 U.S.C. § 2255.

3. The government **SHALL** file any opposition to the amended motion within 30 days of this order or may file a notice that it intends to rely on its previously filed brief. If the government files an opposition to the amended motion, Pearson may file a reply, if at all. No later than 30 days thereafter. The matter then will stand submitted.

4. The motion for leave to file a supplemental § 2255 motion (Docs. 144, 146) is **DENIED**.

IT IS SO ORDERED.

Dated:   **January 14, 2026**

UNITED STATES DISTRICT JUDGE