UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

DARNELL PEARSON,

Defendant.

Case No. 1:19-cr-00013-JLT-SAB-1

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF THE DENIAL OF HIS AMENDED 28 U.S.C. § 2255 MOTION AS CLARIFIED

(Doc. 158)

On July 20, 2026, Darnell Pearson, a federal prisoner, moved for reconsideration of the Court's June 18, 2026 denial of his pro se amended § 2255 motion as clarified which asserted ineffective assistance of counsel.[1] Pearson raises manifest errors of law and fact as grounds for reconsideration. The background of this case is fully set forth in the Court's order denying Pearson's § 2255 motion and need not be repeated here.

Upon full review of the record and arguments and assertions presented by Pearson, the Court DENIES the motion for reconsideration.

**LEGAL STANDARD**

[1] The motion for reconsideration was timely filed with the benefit of the prison mailbox rule. (Doc. 158 at 12); *see also Hernandez v. Spearman*, 764 F.3d 1071, 1074 (9th Cir. 2014) (pursuant to the mailbox rule, a pro se prisoner's habeas petition or other pleading is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk[.]");*United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000) ("[I]t makes sense to conclude that a motion for reconsideration of an order finally resolving a § 2255 petition must meet the time limits set in Rule 59(e).").

A motion for reconsideration may be treated as a motion to alter or amend a judgment under Rule 59(e) if it is filed within twenty-eight days of entry of judgment. *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). Although not expressly authorized by the Federal Rules of Criminal Procedure, motions for reconsideration may be filed in criminal cases. *United States v. Lopez-Cruz*, 730 F.3d 803, 811 (9th Cir. 2013) (citing *United States v. Raddatz*, 447 U.S. 667, 678 n.6 (1980)). "No precise rule governs the district court's inherent power to grant or deny a motion to reconsider a prior ruling in a criminal proceeding." *Id.*

Courts typically evaluate these motions under the standards applied to civil motions for reconsideration. *United States v. Hector*, 368 F. Supp. 2d 1060, 1063 (C.D. Cal. 2005), *rev'd on other grounds*, 474 F.3d 1150 (9th Cir. 2007). Reconsideration is "an extraordinary remedy, to be used sparingly and in the interest of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

A motion for reconsideration under Federal Rule of Civil Procedure 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (citations and emphasis omitted); *see also Rishor v. Ferguson*, 822 F.3d 482, 491-92 (9th Cir. 2016) ("Rule 59(e) is an 'extraordinary remedy' usually available only when (1) the court committed manifest errors of law or fact, (2) the court is presented with newly discovered or previously unavailable evidence, (3) the decision was manifestly unjust, or (4) there is an intervening change in the controlling law."). *See also* E.D. Cal. Local Rules 230(j), 430.1(i).

"[T]he district court enjoys considerable discretion in granting or denying" a motion to amend or alter judgment. *McDowell*, 197 F.3d at 1255 n.1.

**DISCUSSION**

Pearson's grounds for reconsideration are threefold. First, Pearson argues that the Court committed manifest error of law by recharacterizing his motion to clarify (Doc. 156) as an amended and superseding § 2255 motion. Second, Pearson argues the Court committed

manifest error of fact by ignoring evidence and argument in the record relating to the Central Valley Toxicology report. Finally, Pearson argues the Court committed manifest error of law and fact by making findings that contradict the habeas declaration of trial counsel Barbara O'Neill. Pearson does not argue any newly discovered evidence exists or that an intervening change in the controlling law occurred.

The Court has jurisdiction to consider the Rule 59( e) motion and denies it, for the reasons discussed below.

**1. The Court has Jurisdiction: The Rule 59( e) Motion is not a second or successive § 2255 Motion**

Generally, after a conviction and sentence are final, the only mechanism for a federal prisoner to seek relief from judgment is through § 2255. *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988). Prisoners may file only one § 2255 motion, and only within certain strict time limits. *See* § 2255(f), (h). A Rule 59(e) motion, if a disguised second or successive § 2255 habeas motion, is subject to dismissal on jurisdictional grounds. 28 U.S.C. § 2255(h).

The Ninth Circuit Court of Appeals recently stated that:

> Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), second or successive § 2255 motions are generally proscribed unless certain narrow criteria are met. *Gonzalez v. Sherman*, 873 F.3d 763, 767 (9th Cir. 2017). "Generally, 'a petition will not be deemed second or successive unless, at a minimum, an earlier-filed petition has been finally adjudicated.' " *Balbuena v. Sullivan*, 980 F.3d 619, 635 (9th Cir. 2020) (quoting *Goodrum v. Busby*, 824 F.3d 1188, 1194 (9th Cir. 2016)). "Thus, when a petitioner files a new petition while his first petition remains pending, courts have uniformly held that the new petition cannot be deemed second or successive." *Id.* (quoting *Goodrum*, 824 F.3d at 1194).
>
> A motion made under Rule 59(e) is "part and parcel of the first habeas proceeding." *Banister*, 590 U.S. at 507, 140 S.Ct. 1698. A timely Rule 59(e) motion " 'suspends the finality of the original judgment' for purposes of an appeal" as "there is no longer a final judgment to appeal from." *Id.* at 508, 140 S.Ct. 1698 (quoting *FCC v. League of Women Voters of Cal.*, 468 U.S. 364, 373 n.10, 104 S.Ct. 3106, 82 L.Ed.2d 278 (1984)).

*United States v. Gordon*, 151 F.4th 1090, 1104-05 (9th Cir. 2025). Particularly, the Circuit Court observed that:

> [I]n *Banister*, the Supreme Court specifically differentiated between

> Rule 60(b) motions and Rule 59(e) motions, holding that Rule 59(e) motions are not second-or-successive habeas motions. 590 U.S. at 518-21, 140 S.Ct. 1698.

*Id.* at 1106. Therefore, the Court has jurisdiction to reach the instant motion (*see* 28 U.S.C. § 2244(b)(3)(A)) and considers Pearson's asserted grounds for reconsideration.

**2. No Manifest Error: The Court did not Recharacterize the Motion to Clarify as an Amended § 2255 Motion**

Pearson asserts the Court committed manifest legal error when, without warning, it recharacterized the motion to clarify as an amended § 2255 motion. (Doc. 158 at 1-3 citing Fed R. Civ. P. 15; *Castro v. United States*, 540 U.S. 375 (2003); *United States v. Seesing*, 234 F.3d 456, *as amended* (Jan. 29, 2001) (9th Cir. 2000); *Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992). Pearson asserts that he would have prevailed on the amended § 2255 motion absent the Court's error. (*Id.*).

When a motion is brought on the grounds that the court committed a manifest error of law, the court should not grant that motion unless there was a "wholesale disregard [of], misapplication [of], or failure to recognize controlling precedent." *In re Benham*, 2013 WL 3872185, at *1 (C.D. Cal. May 29, 2013) (citing *Ahmed v. Ashcroft,* 388 F.3d 247, 249 (7th Cir. 2004)). "Manifest error is not demonstrated by the disappointment of the losing party." *Id.*

Here, there is no manifest error of law because the Court did not recharacterize Pearson's motion to clarify as an amended § 2255 motion superseding the previously filed amended § 2255 motion. (*See* Doc. 157). Pearson correctly observes that the Court, in its order denying amended § 2255 motion, "assume[d] without deciding that claims asserted in the purported clarifying motion (Doc. 156) could relate back to the amended § 2255 motion[.]" (*See* Doc. 158 at 1-2 citing Doc. 157 at 5 n.5). But Pearson is incorrect in arguing that the Court recharacterized the motion to clarify as an amended superseding § 2255 motion. (*See* docket); *see also* E.D. Cal. Local Rule 220 ("The term 'changed pleadings' shall refer to amended and supplemental pleadings permitted and filed pursuant to Fed. R. Civ. P. 15.").

The record reflects that the Court considered all Pearson's claims asserted in the amended § 2255 motion on the merits (Doc. 148) and the motion to clarify (Doc. 156), i.e. that "[trial]

counsel O'Neill was ineffective by: (1) stipulating that the death of victim Carter resulted from the use of fentanyl, denying him a defense under *Burrage v. United States*, 571 U.S. 204 (2014) and to actual innocence, (Doc. 148), and (2) failing to challenge the indictment prior to trial and/or seek acquittal during trial on grounds the death of Carter did not result from the use of fentanyl. (*See* Doc. 157 at 5-13);

Therefore, Pearson has not demonstrated manifest error under controlling precedent. *In re Benham*, 2013 WL 3872185, at *1. The cases Pearson relies upon fall short. *Castro* involved recharacterization of a pro se Federal Rules of Criminal Procedure 33 motion for a new trial as a first § 2255 motion to vacate without warning that any subsequent motion to vacate will be subject to restrictions on second or successive motion to vacate. Similarly, *Seesing* involved unwarned recharacterization of a pro se letter seeking post-conviction relief as a first § 2255 motion. *Ferdik* involved dismissal of a second amended 42 U.S.C. § 1983 complaint which failed to named defendants referenced in prior superseded versions of the complaint.

Pro se motions from prisoners are to be liberally construed for the benefit of the pro se prisoner. *Seesing*, 234 F.3d at 462-63 (citing *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000)) ("[C]ourts must construe pro se pleadings liberally"). Pearson benefitted from the Court's consideration of claims asserted in the motion to clarify, claims susceptible of the bar of second or successive had the Court ruled on the amended § 2255 motion alone. Notably, the decision to file the motion to clarify was Pearson's alone.

Any suggestion the Court erred by not holding an evidentiary hearing fails for the reasons stated above and in the Court's original order. (*See* Doc. 158 at 12; Doc. 157 at 13-15). Notably, the Court's original ruling was not premised on the truth or falsity of Pearson's claims, but on the undisputed factual record demonstrating claimed ineffective assistance of counsel was not cognizable. (Doc. 157 at 14); *see also United States v. Chacon-Palomares*, 208 F.3d 1157, 1159 (9th Cir. 2000) (explaining that no evidentiary hearing is required for § 2255 motions where "the files and records of the case conclusively show that the prisoner is entitled to no relief") (quoting 28 U.S.C. § 2255). In any event, a district court has discretion to forego an evidentiary hearing and instead rely on the record developed before sentencing, which may

be supplemented by discovery and documentary evidence, the judge's own notes and recollection of the proceedings, and common sense. *See Shah v. United States*, 878 F.2d 1156, 1159 (9th Cir. 1989).

**3. No Manifest Error: The Court did not Ignore Material Facts in the Record**

Pearson argues the Court committed manifest error of fact by ignoring evidence from victim Carter's post-mortem toxicology and autopsy reports showing her death did not result from fentanyl. (Doc. 158 at 4-7). Pearson revisits his argument that the Central Valley Toxicology report and Carter's autopsy report are dispositive as to the cause of Carter's death, and that counsel unreasonably failed to make motions and advance defenses based thereon. (Doc. 158 at 4-7). But the argument is based entirely upon Pearson's rehash of his lay view of this forensic evidence and his disappointment and disagreement with the Court's decision. *Cf. Burrage*, 571 U.S. at 206-08 (a case involving post-mortem toxicology interpreted by experts where the ineffective assistance of counsel standard set out in *Strickland v. Washington*, 466 U.S. 668 (1984), was not in issue).

The Court *did* consider these reports in its reasoned *Strickland* analysis of the evidentiary record in total and found such insufficient to overcome the presumption that counsel's conduct was objectively reasonable. (*See* Doc. 157 at 5-13). In any event, the Court is not required to discuss every piece of evidence considered in its ruling. *See United States v. Meza*, 2022 WL 2873213, at *6 (S.D. Cal. July 21, 2022) (the court need not recount every piece of evidence supporting its *Strikland* analysis); *see also Reeder v. Knapik*, 2007 WL 2088402, at *2 (S.D. Cal. July 18, 2007) ("A motion to reconsider is not another opportunity for the losing party to make its strongest case, reassert arguments, or revamp previously unmeritorious arguments."); *Campion v. Old Republic Home Protection Co., Inc.*, 2011 WL 1935967, at *1 (S.D. Cal. May 20, 2011) ("[R]econsideration may not be used to get a second bite at the apple."). Pearson does not contend, much less show that the Court misapplied *Strickland*, the controlling precedent. *See In re Benham*, 2013 WL 3872185, at *1. "Manifest error is not demonstrated by the disappointment of the losing party." *Id.* Pearson's passing reference to *Williams v. Taylor's* discussion of 28 U.S.C. § 2254(d) in a state capital habeas case, does not help him. 529 U.S.

362 (2000); (*see* Doc. 158 at 7 citing Doc. 154 at 6-7).

Moreover, the alleged error was not material because the Court's *Strickland* analysis was amply supported by the factual record. (*See* Doc. 157 at 5-13) Courts are clear that manifest factual error is error that would change the outcome of the proceeding. *See Pet Food Express Limited v. Royal Canin USA, Inc.*, 2011 WL 6140874, at *4 (N.D. Cal. Dec. 8, 2011) ("clear error should conform to a very exacting standard[,] . . . must be one on which the final judgment was predicated, [and] the error must be one that would alter the outcome of the case"); *Theranos, Inc. v. Fuisza Pharma, LLC*, 2014 WL 459714, at *1 (N.D. Cal. January 31, 2014) (requiring the moving party to show a "material" factual error under Rule 59(e)); *Nelson v. Matrixx Initiatives, Inc.*, 2012 WL 4755025, at *4 (D. Nev. Oct. 4, 2012) (discussing in the context of Fed. R. Civ. P. 60, that a factual error that does not change the outcome would not result in manifest injustice). Any suggestion the Court erred by not holding an evidentiary hearing fails for the reasons stated above and in the Court's original order. (*See* Doc. 158 at 12; Doc. 157 at 13-14).

**4. No Manifest Error: The Court did not contradict in its *Strickland* analysis the habeas declaration of trial counsel O'Neill.**

Pearson argues the Court committed manifest error of law and fact by conjuring reasons for trial counsel's conduct that contradict counsel's own stated reasons. (Doc. 158 at 8-10). Pearson observes, in the context of the cause of death stipulation, trial counsel's habeas averment that the defense strategy did not involve "contesting that area of the case we discussed stipulating." (Doc. 158 at 8 citing Doc. 129-3 at 4). He suggests the Court contradicted counsel by stating in its *Strickland* analysis that:

> For example, competent counsel could conclude the autopsy report viewed in context of the record as a whole showed that Carter's death resulted from the combined synergistic effect of fentanyl and cocaine toxicity, and not cocaine independently. Even if the autopsy report might be seen to qualify such toxicity as "unknown[,]" the Court finds Pearson has not shown counsel acted unreasonably on that basis.

(*See id.* citing Doc. 157 at 8).

There is no contradiction. The Court's application of *Strickland's* objective

reasonableness standard on the facts of the case was consistent with counsel's stated strategy, agreeable to Pearson at the time, not to contest cause of death. (*See* Doc. 157 at 5, citing *Strickland*, 466 U.S. at 687 (defendant must demonstrate that his attorney failed to exercise the degree of skill and diligence a reasonably competent attorney would exercise under similar circumstances). The Court observes that Pearson concedes O'Neill "state[d] she [decided to] forego the *Burrage* defense to concentrate on the defense that [Pearson] did not provide the drugs." (Doc. 158 at 9).

Pearson's related re-argument of the toxicology and autopsy reports remains unavailing, for the reasons stated. (*See* Doc. 158 at 8-9). Here again, Pearson's disagreement with the Court's original decision is not alone a basis to find manifest error of law or fact. See *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) ("A party seeking reconsideration must show more than a disagreement with the Court's decision"); *Pacific Stock, Inc. v. Pearson Educ.*, 927 F.Supp.2d 991, 1005 (D. Haw. 2013) ("Mere disagreement with a previous order is an insufficient basis for reconsideration.").

**CONCLUSIONS**

Pearson does not point to "manifest errors of law or fact" or "newly discovered evidence." *See McDowell*, 197 F.3d at 1255 n.1. Nor does Petitioner point to any intervening change in law or manifest injustice. *See id.* Because Petitioner has not demonstrated that such an extraordinary remedy is necessary, relief is not warranted under Rule 59(e), and the Court therefore **DENIES** the motion for reconsideration, (Doc. 158).

IT IS SO ORDERED.

Dated: August 16, 2026

[signature: Jennifer L. Thurston]
UNITED STATES DISTRICT JUDGE